# Exhibit B
# Alabama SJIS CC/DC Case Detail



*alacourt.com's*

*Alabama SJIS CC/DC Case Detail*

| Settings | Disposition | Sentence | Case Action Summary | Witness List | Financial | Enforcem |
|---|---|---|---|---|---|---|

**Case**

| County | 70 ALEX CITY | Case Number | DC 1999 000182 00 | JID | | CKT | | DEF Status | B BOND ESTS: A |
|---|---|---|---|---|---|---|---|---|---|
| Name | BILLINGSLEY LORENZO | | | Alias | | | | | |
| Address 1 | 164 BURNS ST | | | Alias | | | | | |
| Address 2 | | | | SID | 000000000 | YDate | | | |
| Zip | 35010 0000 ALEXANDER CITY AL US | | | AS | | | PR | | 0000 000000 00 |
| DLNO | | DOB | 09271966 | SSN | | | Race/Sex | B/M | |
| Height | 5 07 | Weight | 150 | Eyes | BRO | | Hair | BLK | |
| Filed | 04231999 | AAGCY | C | Muni# | 00 | | City | | |
| Arrest | 04071999 | OffDT | 04021999 | ORI | 0620000 | | OFFC | ROYSTER | |
| Indict | | Grand Jury | | Atty 1 | GRO014 A | TktH | | | |
| Bond | 0000100000 | Type | R | Bond Co | | | REL | 10212002 | |
| Sure | | CWIT | 001 SAM ROYSTER | JDMD | | | APPL | | |
| Tracking No's | 0000 000000 00 / 0000 000000 00 / 0000 000000 00 | | | | | | | | |
| Date | 1 11282000 | Que | 001 | Time | 0900 A | Desc | SHOW | | |
| Charge 1 | VDR1 | USE/POSS DRUG PARAP | | 13A-012-260 (C) | M DR | Counts | 001 | | |
| Charge 2 | | | | | | Counts | | | |
| Charge 3 | | | | | | Counts | | | |
| More | N | Dom Viol | | Case Type | M | Case Cat | DR | | |
| Comment | 9900015900 | | | | | | | | |

**Settings**

| Date 1 | 11282000 | Que | 001 | Time | 0900 A | Desc | SHOW SHOW CAUSE DKT/HE |
|---|---|---|---|---|---|---|---|
| Date 2 | 11192002 | Que | 002 | Time | 0900 A | Desc | REVW REVIEW DOCKET/HEAR |
| Date 3 | | Que | 000 | Time | 0000 | Desc | |
| Date 4 | 07222003 | Que | 004 | Time | 0830 A | Desc | SHOW SHOW CAUSE DKT/HE |
| Prosecutor | CLARK REA S | Atty 1 | KELIM KYLA L | Atty 2 | | | |
| Flag | N | Flag | Y | Flag | | | |
| WARISS | 09222003 F | WARACT | | WARLOC | | | |
| BP ISS | | BP RTN | | | | | |

**Disposition**

| CRT ACT | G GUILTY PLEA | CADATE | 05171999 | Jury | Y | More | N |
|---|---|---|---|---|---|---|---|
| Charge 1 | VDR1 USE/POSS DRUG PARAP 13A-012-260(C) M D | | | Counts | 001 | CA | G 05171999 |
| Charge 2 | | | | Counts | | CA | |
| Charge 3 | | | | Counts | | CA | |
| Admin | | | | TBNV1 | | TBNV2 | |
| Appeal | | CAPP | T | Type | GJCA | GJCA | |
| Cont Dt | | Why | | Cont# | 00 | DOM VIOL | |
| Comment | | | | | | | |
| CMP:N | SPRO:Y | Due | 0000067780 | Warr:005 | SUBP:001 | Updated | 04192005 |

**Sentence**

| Sent | 05171999 | Begin | | End | | PRB BEG | |
|---|---|---|---|---|---|---|---|
| IMP CONF | 00 00 000 | SUSP CONF | 00 12 000 | TOTAL CONF | 00 12 000 | JAIL CRED | 00 00 030 |
| LICN SUSP | 00 00 000 | PROBATION | 00 12 000 | PRB REV | 00000000 | | |
| Monetary: | X COST | X FINE IMP: 00025000 SUSP: 00000000 | | X CVCC | | X HIS | |
| | WCCS | MCOS 00000000 | JFEE | DRGF 0 | | ASU | |
| | WCDA | REMB 00000000 | 3CVC 00000000 | X WARR 005 | | USF | |
| | PREL | DRUG 00000000 | X RCUP 00005000 | X SUBP 001 | | | |
| | RES1 00000000 | RES2 00000000 | RES3 00000000 | | | | |

| | RES4 00000000 | | RES5 00000000 | | | RES6 00000000 | |
|---|---|---|---|---|---|---|---|
| Confine: | PENT | LIFE | LWOP | DEATH | SPLIT | BOOT 000 | EMON 00 |
| | JAIL | CCUR | CSEC | CTERM | RVSPL | GANG 000 | |
| Programs: | JDVR | IPROB | AASCH | DUI | DDC | CSV 0000 | SAPP |
| | PTRL | BCSCH | MNTL | CRO | ASCH | ANGER | DRUGCT |
| Enhanced: | PROJ | CNOT | SCH | VDOB 00000000 | | HOOF 000 | |
| | DRUG  CODE: | | | MEAS:    VOL: 00000000 | | | |
| SEC/CUR: | 00    000000000000 00 | | 00    000000000000 00 | | 00    000000000000 | | |
| Comment: | | | | | | | |
| BAL DUE | 0000067780 | DUE | 07161999 | CRO | | Updated | 05052000 |
| *Case Action Summary* | | | | | | | |

| Date | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 04231999 | 1115 | FILE | FILED THIS DATE: 04/23/99 | VIE |
| 04231999 | 1115 | CHG1 | CHARGE AT FILING OF: USE/POSS DRUG PARAP | VIE |
| 04231999 | 1115 | OFDT | OFFENSE DATE OF: 04/02/99 | VIE |
| 04231999 | 1115 | ARRS | DEFENDANT ARRESTED ON: 04/07/99 | VIE |
| 04231999 | 1115 | DAT1 | SET FOR: TRIAL ON 05/17/99 AT 0900A | VIE |
| 05061999 | 1444 | SUBP | WITNESS SUBPOENA ISSUED TO W001 SAM ROYSTER | VIE |
| 05191999 | 1218 | ATY1 | ATTORNEY FOR DEFENDANT: GROFF, KYLA LORELEI (AR10) | VIE |
| 05191999 | 1223 | DISP | CHARGE 01: USE/POSS DRUG PARAP/#CNTS: 001 (AR10) | VIE |
| 05191999 | 1223 | DISP | CHARGE 01 DISPOSED BY: GUILTY PLEA ON: 05/17/1999 | VIE |
| 05191999 | 1224 | CH01 | DEFENDANT SENTENCED ON: 05/17/1999 (AR05) | VIE |
| 05191999 | 1224 | CH01 | SUSPENDED CONFINEMENT: 12 MONTHS (AR05) | VIE |
| 05191999 | 1224 | CH01 | TOTAL CONFINEMENT: 12 MONTHS (AR05) | VIE |
| 05191999 | 1224 | CH01 | COST PROVISION ORDERED BY THE COURT (AR05) | VIE |
| 05191999 | 1224 | CH01 | PROBATION OF: 12 MONTHS (AR05) | VIE |
| 05191999 | 1224 | CH01 | JAIL CREDIT: 030 DAYS (AR05) | VIE |
| 05191999 | 1224 | CH01 | FINE PROVISION ORDERED BY THE COURT (AR05) | VIE |
| 05191999 | 1224 | CH01 | HISTORY FEE PROVISION ORDERED BY THE COURT (AR05) | VIE |
| 05191999 | 1224 | CH01 | FINE IMPOSED: $250.00 (AR05) | VIE |
| 05191999 | 1224 | CH01 | SUBPOENA FEE PROVISION ORDERED BY THE COURT (AR05) | VIE |
| 05191999 | 1224 | CH01 | CVCC PROVISION ORDERED BY THE COURT (AR05) | VIE |
| 05191999 | 1226 | D001 | FREQUENCY AMOUNT SET TO: $414.00 (FE36) | VIE |
| 05191999 | 1227 | D001 | FREQUENCY AMOUNT SET TO: $514.00 (FE36) | VIE |
| 06141999 | 1507 | DAT2 | SET FOR: REVIEW DOCKET/HEAR ON 09/20/1999 AT 0900A | VIE |
| 09221999 | 0838 | FTPW | FTP WARR ISSUED ON 09/22/99 (AR08) | VIE |
| 03072000 | 1449 | ARCL | WARRANT RECALLED ON: 03/07/2000 AT: 14:49:29(AR08) | VIE |
| 05052000 | 1157 | CH01 | WARRANT FEE PROVISION ORDERED BY THE COURT (AR05) | VIE |
| 05052000 | 1157 | CH01 | RECOUPMENT PROVISION ORDERED BY THE COURT (AR05) | VIE |
| 05052000 | 1157 | CH01 | RCUP AMOUNT ORDERED: $50.00 (AR05) | VIE |
| 07062000 | 1424 | D001 | ENF PLACEMENT STATUS SET TO: "D" (EC01) | LYS |
| 11012000 | 1511 | D001 | DOCKET DATE 1 SET TO 11/28/2000 (EC01) | VIE |
| 11012000 | 1511 | D001 | DATE 1 TIME SET TO 0900A (EC01) | VIE |
| 02222001 | 1104 | JUDG | JUDGE ID CHANGED FROM: XXX TO: CKT (AR10) | LYS |
| 02222001 | 1104 | DAT4 | SET FOR: SHOW CAUSE DKT/HE ON 03/21/2001 AT 0900A | LYS |
| 02222001 | 1104 | D001 | FREQUENCY AMOUNT SET TO: $0.00 (AR10) | LYS |
| 02222001 | 1105 | SHOW | SHOW CAUSE NOTICE SENT TO DEFENDANT (AR09) | LYS |
| 01282002 | 1112 | DAT4 | SET FOR: SHOW CAUSE DKT/HE ON 02/20/2002 AT 0830A | LYS |
| 01282002 | 1341 | SHOW | SHOW CAUSE NOTICE SENT TO DEFENDANT (AR09) | LYS |
| 03222002 | 1034 | DAT4 | SET FOR: SHOW CAUSE DKT/HE ON 04/16/2002 AT 0830A | LYS |
| 05032002 | 1420 | DAT4 | SET FOR: SHOW CAUSE DKT/HE ON 05/09/2002 AT 0830A | LYS |
| 05032002 | 1425 | DAT4 | SET FOR: SHOW CAUSE DKT/HE ON 05/13/2002 AT 0830A | LYS |
| 05242002 | 1326 | DAT4 | SET FOR: SHOW CAUSE DKT/HE ON 06/18/2002 AT 0830A | LYS |
| 06262002 | 1445 | AWAR | ALIAS WARRANT ISSUED: 06/26/2002 (AR08) | CIR |
| 07152002 | 0845 | FTPW | FTP WARRANT ISSUED: 07/15/2002 (AR08) | VIE |
| 07152002 | 0846 | D001 | FREQUENCY AMOUNT SET TO: $100.00 (FE52) | VIE |
| 07312002 | 1408 | SUPP | SUPP DISPOSITION ISSUED: 07/31/2002 (AR08) | SAW |
| 08152002 | 1127 | WARR | "S" WARRANT SERVICE ON: 08/01/2002 (AR10) | VIE |

| | | | | |
|---|---|---|---|---|
| 08152002 | 1127 | WARR | WARRANT LOCATION IS: H ON: 08/01/2002 (AR10) | VIE |
| 11122002 | 0830 | STAT | STATUS CHANGED TO: "B" - BOND (AR01) | VIE |
| 11122002 | 0830 | REDT | DEFENDANT RELEASED FROM JAIL: 10/21/2002 (AR01) | VIE |
| 11122002 | 0830 | BOND | BOND SET AT: $1000.00 (AR01) | VIE |
| 11122002 | 0831 | DAT2 | SET FOR: REVIEW DOCKET/HEAR ON 11/19/2002 AT 0900A | VIE |
| 11152002 | 0921 | DAT4 | SET FOR: SHOW CAUSE DKT/HE ON 11/19/2002 AT 0830A | LYS |
| 11182002 | 1111 | ATTH | CAS ATTACHMENT PRINTED (AR08) | VIE |
| 11222002 | 1222 | ATTH | CAS ATTACHMENT PRINTED (AR08) | VIE |
| 11222002 | 1403 | FTPW | FTP WARRANT ISSUED: 11/22/2002 (AR08) | VIE |
| 12092002 | 1727 | DAT4 | SET FOR: SHOW CAUSE DKT/HE ON 12/12/2002 AT 0830A | LYS |
| 12112002 | 1300 | D001 | PAYMENT DUE DATE SET TO: 07/16/1999 (FE52) | SAW |
| 01172003 | 0852 | DAT4 | SET FOR: SHOW CAUSE DKT/HE ON 01/21/2003 AT 0830A | DAM |
| 01222003 | 1353 | ARCL | ALIAS WARRANT RECALLED (FE52) | VIE |
| 01222003 | 1355 | TEXT | WARRANT RECALLED BECAUSE OF AGREEMENT WITH RRU | VIE |
| 01242003 | 1643 | DAT4 | SET FOR: SHOW CAUSE DKT/HE ON 02/11/2003 AT 0830A | LYS |
| 03102003 | 0834 | DAT4 | SET FOR: SHOW CAUSE DKT/HE ON 03/11/2003 AT 0830A | LYS |
| 05212003 | 0949 | DAT4 | SET FOR: SHOW CAUSE DKT/HE ON 06/10/2003 AT 0830A | LYS |
| 06202003 | 1016 | DAT4 | SET FOR: SHOW CAUSE DKT/HE ON 07/22/2003 AT 0830A | LYS |
| 09222003 | 1506 | FTPW | FTP WARRANT ISSUED: 09/22/2003 (AR08) | VIE |
| 03232005 | 1446 | TEXT | ARRESTED ON WRIT | VIE |

# Exhibit C
# Affidavit of Sheriff Jimmy Abbett

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

**LORENZO NEAL BILLINGSLEY,**   )
   )
     **Plaintiff,**   )
   )
**v.**   )   **Civil Action No.  3:05-CV-428-FWO**
   )
**JIMMY ABBETT, et al.,**   )
   )
     **Defendants.**   )

## AFFIDAVIT OF JIMMY ABBETT

**STATE OF ALABAMA**   )
   )
**COUNTY OF TALLAPOOSA**   )

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Sheriff Jimmy Abbett, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.    My name is Jimmy Abbett.  I am over the age of nineteen and competent to make this affidavit.  I am the duly elected Sheriff of Tallapoosa County, Alabama.

2.    I am familiar with the Plaintiff due to his being incarcerated in the Tallapoosa County Detention Facility.  I have no personal knowledge of any of the specific allegations that form the basis of Plaintiff's Complaint.

3.    I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

4.     I have complied with all policies and procedures of the Tallapoosa County Detention Facility  I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

5.     To the knowledge of Defendants, Plaintiff has not been threatened or attacked while in the Tallapoosa County Jail.

6.     At no time was I ordered by a judge to make this an appointment for Plaintiff with Dr. Mackey.

7.     I swear, to the best of my present knowledge and information, that the above statements are true, that I am competent to make this affidavit, and that the above statements are made by drawing from my personal knowledge of the situation.


_____
JIMMY ABBETT

**SWORN TO** and **SUBSCRIBED** before me this 24 day of June, 2005.


_____
NOTARY PUBLIC
My Commission Expires MY COMMISSION EXPIRES APRIL 6, 2009

# Exhibit D
# Affidavit of Kenny Sherrer

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **LORENZO NEAL BILLINGSLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.  3:05-CV-428-FWO** |
| | ) | |
| **JIMMY ABBETT, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AFFIDAVIT OF KENNY SHERRER

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF TALLAPOOSA** | ) |

1.  My name is Kenny Sherrer.  I am over the age of nineteen and competent to make this affidavit.

2.  I am employed by the Tallapoosa County, Alabama, Sheriff's Department and serve as Chief Deputy Sheriff.

3.  I am familiar with the Plaintiff due to his incarceration in the Tallapoosa County Detention Facility; however, I am not personally familiar with the allegations made the basis of the Plaintiff's Complaint, as he never made any such complaints known to me.

4.  I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.  To the knowledge of Defendants, Plaintiff has not been threatened or attacked while in the Tallapoosa County Jail.

6.  I swear to the best of my present knowledge, information, and belief that the above statements are true; that I am competent to make this affidavit; and, the above statements are made by drawing from my personal knowledge of the situation.


KENNY SHERRER

**SWORN TO** and **SUBSCRIBED** before me this 24 day of June, 2005.


NOTARY PUBLIC
My Commission Expires: MY COMMISSION EXPIRES JANUARY 18, 2007

# Exhibit E
# Affidavit of Blake Jennings

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **LORENZO NEAL BILLINGSLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.  3:05-CV-428-FWO** |
| | ) | |
| **JIMMY ABBETT, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AFFIDAVIT OF BLAKE JENNINGS

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF TALLAPOOSA** | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Blake Jennings, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.      My name is Blake Jennings.  I am over the age of nineteen and competent to make this affidavit.

2.      I have been employed by the Tallapoosa County Sheriff's Department since 1998. On March 19, 2005, I became the Jail Administrator of the Tallapoosa County Jail.

3.      I am familiar with the Plaintiff due to his incarceration in the Tallapoosa County Detention Facility.

4.      I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.      It is the policy of the Tallapoosa County Jail that access to appropriate health care services are provided for the inmates of the Jail for their physical and emotional well-being.  An inmate requesting any type of health care services may submit either an Inmate Request Form or Medical Request/Charge Sheet stating the service desired.  At the time of admission to the jail, each inmate undergoes a medical screening completed by the booking officer.  In the event of a medical emergency, or a perceived medical emergency, the shift supervisor arranges for medical services without delay.  The shift supervisor ensures that the medical protocol is followed to ensure a safe and secure manner is maintained.  Except in the case of an emergency, each inmate requesting medical services is screened by the jail nurse who then makes a referral to a physician if it is determined that a physician visit is appropriate.  All medical appointments, including appointments with the jail nurse are logged by the jail staff in the inmate log.  Inmates are given prescription medication as prescribed.  Medication is distributed according to instructions from the prescribing physician and is distributed by a jail staff member as directed by the jail nurse.  Staff members of the Tallapoosa County Jail take no deliberate action to block, deny, or delay access of an inmate to health care.  The Jail Nurse is on duty from 8:00 a.m. until 5:00 p.m. on Mondays through Fridays.  She is on call at all times of the day and night.

6.      At no time was I ordered by a judge to make this an appointment for Plaintiff with Dr. Mackey.

7.      It is the policy of the Tallapoosa County Jail that an inmate who makes it known to the jail staff that he has an enemy among the jail population is separated from said enemy.

8.     To my knowledge, Plaintiff has not been threatened or attacked while in the Tallapoosa County Jail.

9.     It is the policy of the Tallapoosa County Jail that male and female housing units are separated by sight and sound at all times.  At times it is necessary for female inmates to be escorted up the hallway where male inmates are housed in order to visit the law library.  When this becomes necessary, jail staff ask that the male inmates move away from the window to their cells.  This policy is helpful in avoiding incidents in which female inmates are subjected to teasing and cat-calling as well as in preventing the female inmates from "flashing".

10.     Inmates are never required to sleep on the bare floor. In the event of a shortage of bunks, inmates are provided with a mattress as well as linens.

11.     Internal grievance procedures at the Tallapoosa County Jail are available to all inmates and such policy is made known to the inmates upon their admission to the detention center via the Inmate Rules and Regulations Handbook.  It is the policy of the Tallapoosa County Jail that inmates are permitted to submit grievances and that each grievance will be acted upon accordingly.  Inmates are given an inmate grievance form upon their request to complete and return to a jail staff member for any grievance they may have.

12.     Despite the fact that Plaintiff is familiar with the request and grievance procedures of the jail, as evidenced by his several request forms submitted, I do not have any recollection of a grievance being filed regarding the allegations in Plaintiff's complaint except for requests for medical treatment which were met.

13.     Attached to the Special Report are true and accurate documents contained in the Plaintiff's jail file. I am the custodian of such documents, which were kept by me in the ordinary course of my business.

14.     I swear to the best of my present knowledge, information, and belief that the above statements are true; that I am competent to make this affidavit; and, the above statements are made by drawing from my personal knowledge of the situation.

_____
BLAKE JENNINGS

**SWORN TO** and **SUBSCRIBED** before me this 24 day of June, 2005.

_____
NOTARY PUBLIC
My Commission Expires: _____
MY COMMISSION EXPIRES APRIL 5, 2009

# Exhibit F
# Affidavit of Nurse Cathy Dubose

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

LORENZO NEAL BILLINGSLEY,    )
                                        )
        Plaintiff,             )
                                          )
v.                                       )     Civil Action No.  3:05-CV-428-FWO
                                          )
JIMMY ABBETT, et al.,            )
                                          )
        Defendants.          )

## AFFIDAVIT OF CATHY DUBOSE

STATE OF ALABAMA        )
                                      )
COUNTY OF TALLAPOOSA     )

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Cathy Dubose, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1. My name is Cathy Dubose. I am over the age of nineteen and competent to make this affidavit.

2. I am a Registered Nurse and provide medical services to the inmates at the Tallapoosa County Jail and have done so since January 23, 2005.

3. I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

4. Attached to the Special Report are true and accurate medical documents contained in the Plaintiff's medical file.  I am currently the custodian of such documents, which were kept by me in the ordinary course of my business.

5.  On March 24, 2005, the day after Plaintiff was booked into the Tallapoosa County Jail, he informed me that he is taking cardiac medication but does not know the name of the medication.  I provided Plaintiff with an authorization form so that I could obtain his medical records from a cardiologist that Plaintiff had seen prior to coming to the Jail.  I then faxed the signed medical release form to Grady Memorial Hospital where Plaintiff told her he had seen a Dr. Moore.  I spoke with Grady Memorial Hospital Medical Records several times and was unable to obtain any records of heart problems.  On April 6, 2005, I faxed another signed authorization form to Dr. Sublett, but again was unsuccessful in finding any record of heart medications.

6.  On April 1, 2005, I prescribed Miconazole Cream, an anti-fungal cream for Plaintiff's foot blisters as well as extra-strength Tylenol. Plaintiff informed me that he had had a similar problem with his foot prior to coming to the jail.  The records show that Plaintiff was seen by Dr. Schuster, the Jail Physician, for treatment of his left foot condition on April 7, 2005.  Dr. Schuster prescribed Keflex, an antibiotic, for treatment of Plaintiff's left foot condition. On April 8, 2005, a culture of the blisters was taken at Lake Martin Hospital. That day I dressed Plaintiff's left foot and started his antibiotics.  The records show that on April 12, 2005, Plaintiff requested to see the doctor.  On April 12, 2005, and April 14, 2005, I rechecked, washed, and dressed Plaintiff's foot.  Plaintiff saw Dr. Schuster on April 19, 2005, at which time Dr. Schuster discontinued the Keflex and prescribed fourteen days of Doxycycline, another antibiotic.  Dr. Schuster also prescribed Betanex Cream for fourteen days for Plaintiff's foot.  I checked and cleaned Plaintiff's foot on April 21, 2005, and May 2, 2005.  I noted that the new antibiotics seemed to be working and that the foot appeared better. On May 4, 2005, Dr. Schuster saw Plaintiff again.  Dr. Schuster referred Plaintiff to Dr.

Steven Mackey asking me to set up the appointment.   Dr. Schuster also prescribed Amoxicillin and reordered the Benanix Cream.  The next day I arranged an appointment for Plaintiff to see Dr. Mackey in Alexander City on May 9, 2005.  At no time was I ordered by a judge to make this appointment. The appointment was made due to referral from Dr. Schuster, the Jail Physician.

7.  The records show that Plaintiff was taken to see Dr. Mackey on May 9, 2005. Dr. Mackey diagnosed Plaintiff with Tinea pedis, "Athlete's Foot", and prescribed three weeks of Lamisil, an anti-fungal medication, and Loprox gel, a topical anti-fungal medication. According to the records, Plaintiff was given the medication prescribed by Dr. Mackey by the jail staff. I checked Plaintiff on May 11, 2005, and May 18, 2005. On the May 18th check-up, I noted that Plaintiff's foot was clearing up but he had blisters on his hands.   I instructed Plaintiff to use his cream on his hands as well.  The records show that Plaintiff saw Dr. Schuster on May 20, 2005, and on May 27, 2005, he was seen again by Dr. Schuster at the request of Plaintiff.  During the May 27, 2005, check-up, Dr. Schuster ordered a corticosteroid injection which I gave him.   On June 1, 2005, I saw Plaintiff and noted that he had finished his medication prescribed by Dr. Mackey and was still not healed, so I set up a follow-up appointment with Dr. Mackey on June 6, 2005.

8.  The records that I received from Dr. Mackey show that, on June 6, 2005, Dr. Mackey noted that the Tinea, "ringworm", was spreading on Plaintiff's arms and legs.  Dr. Mackey also noted that the Lamisil and Loprox that he had previously prescribed had actually worsened the symptoms.  Therefore, Dr. Mackey prescribed Atarax, an antihistamine with anticholinergic (drying) and sedative properties that is used to treat allergic reactions, and TAM, an ointment used on the skin to remove scabies and relieve itchy skin.  According to

the records, on June 10, 2005, Plaintiff requested to see the doctor.    He was examined by Dr. Schuster on June 15, 2005, at which time other symptoms were noted. Dr. Schuster discontinued the Atarax and ordered another corticosteroid injection at that time.

9.    Plaintiff has complained of a toothache and has been added to the waiting list for a dental visit.

10. To my knowledge, Plaintiff has not been threatened or attacked while in the Tallapoosa County Jail.

11. I swear to the best of my present knowledge, information, and belief that the above statements are true; that I am competent to make this affidavit; and, the above statements are made by drawing from my personal knowledge of the situation.

_____
CATHY DUBOSE

**SWORN TO** and **SUBSCRIBED** before me this _24_ day of June, 2005.

_____
NOTARY PUBLIC
My Commission Expires: _____

MY COMMISSION EXPIRES APRIL 5, 2009

# Exhibit G
# Affidavit of Robbie Frazier

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LORENZO NEAL BILLINGSLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.  3:05-CV-428-FWO** |
| | ) | |
| **JIMMY ABBETT, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**AFFIDAVIT OF ROBBIE FRAZIER**

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF TALLAPOOSA** | ) |

1.  My name is Robbie Frazier.  I am over the age of nineteen and competent to make this affidavit.

2.  I am employed by the Tallapoosa County, Alabama, Sheriff's Department and work at the Tallapoosa County Jail.  I have achieved the rank of Sergeant.

3.  I am familiar with the Plaintiff due to his incarceration in the Tallapoosa County Detention Facility.

4.  I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.  At times it is necessary for female inmates to be escorted up the hallway where male inmates are housed in order to visit the law library.  When this becomes necessary, jail staff ask that the male inmates move away from the window to their cells.  This policy is helpful in avoiding incidents in which female inmates are subjected to teasing and cat-calling as well as in preventing the female inmates from "flashing". On May 12, 2005, I was escorting female

inmates by cell B-5, a male inmate cell, and requested the male inmates to move away from the window. However, the male inmates would not move away. Therefore, I covered that window for the brief moment that it took to escort the female inmates past that window. This act presented no danger as there are two other windows on other walls of that particular cell through which jail personnel could observe the inmates.

6. To my knowledge, Plaintiff has not been threatened or attacked while in the Tallapoosa County Jail

7. I swear to the best of my present knowledge, information, and belief that the above statements are true; that I am competent to make this affidavit; and, the above statements are made by drawing from my personal knowledge of the situation.


_____
ROBBIE FRAZIER

**SWORN TO** and **SUBSCRIBED** before me this 24 day of June, 2005.


_____
NOTARY PUBLIC
My Commission Expires: MY COMMISSION EXPIRES APRIL 5, 2009

# Exhibit H
# Affidavit of Brian Woods

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **LORENZO NEAL BILLINGSLEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Civil Action No.  3:05-CV-428-FWO** |
| | ) |
| **JIMMY ABBETT, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**AFFIDAVIT OF BRIAN WOODS**

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF TALLAPOOSA** | ) |

1.  My name is Brian Woods.  I am over the age of nineteen and competent to make this affidavit.

2.  I was employed by the Tallapoosa County, Alabama, Sheriff's Department and worked at the Tallapoosa County Jail under May 30, 2005.

3.  I am familiar with the Plaintiff due to his incarceration in the Tallapoosa County Detention Facility.

4.  I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.  I did not give the Plaintiff the wrong medicine, intentionally or otherwise.  I was not even on duty on the date that Plaintiff claimed that he gave him the wrong medication.  I did not ever refuse to give Plaintiff his medication.

6.  To my knowledge, Plaintiff has not been threatened or attacked while in the Tallapoosa County Jail.

7. I swear to the best of my present knowledge, information, and belief that the above statements are true; that I am competent to make this affidavit; and, the above statements are made by drawing from my personal knowledge of the situation.


_____

BRIAN WOODS

**SWORN TO** and **SUBSCRIBED** before me this _____ day of June, 2005.


_____

NOTARY PUBLIC
My Commission Expires: _____

Exhibit I
Affidavit of Ava Mason

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

LORENZO NEAL BILLINGSLEY,    )
                             )
        Plaintiff,           )
                             )
v.                           )    Civil Action No.  3:05-CV-428-FWO
                             )
JIMMY ABBETT, et al.,        )
                             )
        Defendants.          )

## AFFIDAVIT OF AVA MASON

STATE OF ALABAMA         )
                         )
COUNTY OF TALLAPOOSA     )

1.  My name is Ava Mason.  I am over the age of nineteen and competent to make this affidavit.

2.  I am employed by the Tallapoosa County, Alabama, Sheriff's Department and work at the Tallapoosa County Jail.  I have achieved the rank of Sergeant.

3.  I am familiar with the Plaintiff due to his incarceration in the Tallapoosa County Detention Facility; however, I am not personally familiar with the allegations made the basis of the Plaintiff's Complaint, as he never made any such complaints known to me.

4.  I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.  To the knowledge of Defendants, Plaintiff has not been threatened or attacked while in the Tallapoosa County Jail.

6.  I swear to the best of my present knowledge, information, and belief that the above statements are true; that I am competent to make this affidavit; and, the above statements are made by drawing from my personal knowledge of the situation.


_Ava Mason_
AVA MASON

**SWORN TO** and **SUBSCRIBED** before me this 24 day of June, 2005.

_Toni McCary_
NOTARY PUBLIC
My Commission Expires:

MY COMMISSION EXPIRES APRIL 5, 2009